hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALMA R. OLIVAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4035-JAR |
| ) | |
| BENTWOOD PLACE APARTMENTS, LLC, ) | |
| and MARK JOHNSON, owner of ) | |
| Bentwood Place Apartments, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is defendants' Motion for Relief from Judgment or, in the Alternative to Alter or Amend the Judgment (Doc. 35). Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6), defendants Bentwood Place Apartments, LLC and Mark Johnson, owner of Bentwood Place Apartments, LLC, ask the Court to consider defendants' meritorious defenses as a basis to set aside the Entry of Default and to revisit the amount of damages awarded to Plaintiff. Plaintiff has filed a response, and defendants filed a reply. For the reasons set forth in detail below, the Court denies defendants' motion.

**I.     Background**

The Court incorporates by reference the procedural history provided in its July 26, 2010 Memorandum and Order. Plaintiff filed this action *pro se*, against her employer, Bentwood Place Apartments, LLC ("Bentwood") and Mark Johnson, on behalf of Bentwood ("Johnson"). No answer was filed and default was entered. Plaintiff moved for default judgment and a hearing date was set. Six days before the default judgment hearing, defense counsel entered an appearance, and three days before the default judgment hearing, moved to set aside the entry of

default.

After the default judgment hearing, which was an evidentiary hearing, the Court took both motions under advisement. Defendant Johnson was allowed to supplement the record with an affidavit, which addressed the issue of good cause for failing to answer or defend, but did not address or mention damages. The Court subsequently entered a Memorandum and Order (Doc. 32) denying defendants' motion to set aside entry of default and granting plaintiff's motion for default judgment. The next day, the Court entered judgment, awarding plaintiff default judgment against Bentwood Place Apartments, LLC, and Mark Johnson, owner, in the amount of $198,745.45 with post-judgment interest at the rate provided in 28 U.S.C. § 1961(a).

Defendants subsequently filed this Motion for Relief from Judgment or, in the Alternative to Alter or Amend the Judgment (Doc. 35) under Federal Rules of Civil Procedures 59(e) and 60(b)(6).

## II. Standards

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[1] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[2]

---

[1] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[2] *Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

2

Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[3] Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[4]

Clause (b)(6) is mutually exclusive to the other categories of relief enumerated in Rule 60(b),[5] and has been described as a "grand reservoir of equitable power to do justice in a particular case."[6] A district court may grant Rule 60(b)(6) motion "only in extraordinary circumstances and only when necessary to accomplish justice."[7] While relief may be granted where there has been an unanticipated intervening change of circumstances not contemplated by the moving party that renders enforcement of the judgment inequitable, clause (6) is "not for the purpose of relieving a party from free, calculated and deliberate choices he has made."[8] "Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief

---

[3]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[4]Fed. R. Civ. P. 60(b).

[5]*Mullin v. High Mountain*, 182 F. App'x 830, 833 n.3 (10th Cir. 2006) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)).

[6]*Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 579 (10th Cir. 1996) (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc), *cert. denied*, 423 U.S. 1079 (1976)).

[7]*Id.* (quoting *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)).

[8]*Id.* at 579–80 (internal quotations and citations omitted).

is warranted, or when it offends justice to deny such relief."[9] Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument" because a Rule 60(b) motion is not a substitute for appeal.[10]

"In order to grant relief from a default judgment under Rule 60(b), "the district court must make two distinct findings: [1] a justification for relief under one of the clauses of the rule and [2] a meritorious defense."[11] If the first prong is not met, the court need not proceed to the second.[12] The decision to grant relief is left to the sound discretion of the trial court.[13]

## III. Discussion

Defendants' motion and Johnson's two affidavits address: (1) defenses to plaintiff's claim on the merits, and (2) defenses to the scope of plaintiff's damages. The motion is presented under both Rules 59 and 60. While the standards are similar, the Court addresses defendants' arguments under each rule separately.

### A. Rule 59(e)

Defendants seek relief under Rule 59(e) on the basis of the need to correct clear error or prevent manifest injustice. Defendants raise the following defenses to liability: (1) Bentwood is

---

[9]*Id.* at 580 (internal quotations and citations omitted).

[10]*Hilliard v. Dist. Ct. of Comanche County*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

[11]*Mullin v. High Mountain*, 182 F. App'x 830, 833 (10th Cir. 2006) (alterations omitted, brackets added) (quoting *Olson v. Stone (In re Stone)*, 588 F.2d 1316, 1319 (10th Cir. 1978)).

[12]*Id.* at 834 n.5; *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983).

[13]*Mullin*, 182 F. App'x at 830.

not an "employer" under the meaning of 42 U.S.C. § 2000e(b) because it never had more than 14 employees on the payroll at one time; (2) plaintiff was terminated for legitimate non-discriminatory reasons, including for stealing and misappropriating money, for falsifying her son's time sheets, for renting apartments to tenants and keeping the rent money, for utilizing three apartments for herself without permission and without paying rent, for stealing building supplies, and for failing to pay her own utilities; and (3) plaintiff's EEOC Complaint was found to be unsubstantiated.

In defending against plaintiff's damages, defendants argue: (1) pursuant to Fed. R. Civ. P. 54(c), plaintiff should be limited to the $18,000 listed in her Complaint; (2) Bentwood was not an "employer" under Title VII, therefore, plaintiff is subject to the damage caps provided in the Kansas Act Against Discrimination ("KAAD"); (3) plaintiff's front pay and back pay should be reduced because the rental value of her apartment was only $450 and her storage costs and utilities were not part of her compensation.

Defendants were represented by counsel at the default judgment hearing, and argued there was good cause for defendants' failure to answer or otherwise plead or defend. However, defendants did not present any evidence on damages or challenge the evidence presented by plaintiff. After the hearing, defendants filed an affidavit on the issue of good cause for their failure to plead or defend, but did not address or mention damages. In denying defendants' motion to set aside entry of default, the Court found that defendants were culpable in causing the default; plaintiff would be prejudiced if she were required to pursue an action that was already more than a year old; and defendants failed to articulate any meritorious defense to plaintiff's claims.

Defendants' present arguments do not change the Court's earlier rulings. Whether Bentwood is an "employer" under Title VII is an element of plaintiff's claim for relief, not a jurisdictional issue, and it cannot be raised defensively for the first time after judgment is entered.[14] Defendants provide no authority for the argument that the EEOC's findings are somehow binding on this Court.[15] Although defendants argue they have meritorious defenses to plaintiff's claims, defendants' culpable conduct in causing the default was, alone, sufficient grounds to refuse to set aside the default.[16] Most notably, defendants have given no additional justification for their default that might demonstrate "good or acceptable reason for the default."[17]

In considering plaintiff's damages, the Court found that Rule 54(c) did not apply because the *pro se* Complaint inartfully articulated a request for various damages in unspecified amounts; and, more importantly, defendants' due process rights were protected because they had notice of the default judgment hearing, entered an appearance through counsel, were represented at the damages hearing, and had the opportunity to challenge plaintiff's entitlement to damages,

---

[14]*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504, 516 (2006).

[15]In response, plaintiff attached a copy of the Kansas Department of Labor's decision to grant plaintiff unemployment insurance benefits. However, Kansas unemployment proceedings do not influence the Court's analysis of plaintiff's claims either. *See Wessel v. Enersys, Inc*., No. 03-4089-SAC, 2005 WL 1863098, at *2 (D. Kan. July 6, 2005); *see also Zimmerman v. Sloss Equip., Inc.*, 72 F.3d 822, 826 (10th Cir. 1995).

[16]*See* Doc. 32 at 5 (citing *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (citing *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. 1995); *Ledbetter v. Kan. Dep't Soc. & Rehab. Servs.*, Case No. 99-2261-KHV, 2000 WL 206208 (D. Kan. 2000)); *Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1106 (D. Kan. 1994).

[17]*See Barta v. Long*, 670 F.2d 907, 909 (10th Cir. 1982) (requiring some showing of "good or acceptable reason for the default" before granting relief from a default judgment under Rule 60(b)); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) (Under Rule 60(b), "[i]t is essential that appellant show good cause for the default before it will be set aside.").

amount of damages, or whether plaintiff's award should be limited.[18]  Finally, although defendants argue plaintiff's damages should be subject to the damage caps provided in the KAAD, the Court found it did not have subject matter jurisdiction over plaintiff's state law claims because the state law claims were still pending before the Kansas Human Rights Commission.

Defendants' remaining arguments—*i.e.*, reasons for terminating plaintiff's employment and reasons to limit plaintiff's front and back pay—are the kinds of factual arguments that were available earlier, yet were not raised in the motion to set aside entry of default or at the damages hearing.[19]

Defendants have not identified an intervening change in the controlling law, nor argued that the facts stated in Johnson's affidavits represent newly discovered evidence previously unavailable.  Furthermore, defendants have not demonstrated that this Court's ruling on the above issues involved clear error or would result in manifest injustice warranting relief under Rule 59(e).  For the reasons explained at length in this Court's prior order, entry of default was warranted and plaintiff's damages award was well-supported by the evidence presented at the hearing.  Defendants have not met the standards for showing clear error or a need to prevent manifest injustice.  Accordingly, defendants' Rule 59(e) motion to alter or amend the judgment

---

[18]*See, e.g.*, *Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001) ("Some courts have allowed such an amendment where defendant was present at the damages hearing or where plaintiff has served notice of the proposed amendment on defendant.") (citing *Fong v. United States*, 300 F.2d 400, 412 (9th Cir. 1962); *Peitzman v. City of Illmo*, 141 F.2d 956, 962 (8th Cir. 1944); *Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 610 (7th Cir. 1980)).  In *Peitzman*, the Eighth Circuit noted that Rule 54(c) is a general rule for a non-appearing defendant in complete default.  141 F.2d at 962.

[19]*See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 & n.11 (10th Cir. 2003) ("After an entry of default, a defendant cannot defend a claim on the merits.").

is denied.[20]

### B. Rule 60(b)(6)

For the same reasons set forth above, defendants have not shown that the factual and legal arguments they are presently raising under Rule 60(b)(6) were unavailable at the time of the hearing on the motion for default judgment or at the time the parties briefed and argued the motion to set aside entry of default. Defendants were represented at the hearing, but neither raised these defenses to plaintiff's claims nor challenged plaintiff's testimony on damages. Moreover, these arguments were not discussed in defendants' post-hearing briefing. Finally, their present motion makes no additional showing of "good or acceptable reason for the default."[21]

Because defendants have failed to demonstrate the kind of extraordinary circumstances contemplated by Rule 60(b)(6), the Court finds no reason to reconsider defendants' arguments on the merits, which are either an effort to rehash arguments this Court has previously addressed or to assert defenses that were previously neglected. Defendants simply have not shown any extraordinary or unanticipated circumstances that make this judgment inequitable. Accordingly, the Court denies defendants' Rule 60(b)(6) motion for relief from judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Relief from Judgment or, in the Alternative to Alter or Amend Judgment (Doc. 35) is denied.

**IT IS SO ORDERED.**

Dated: October 28, 2010

---

[20]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[Rule 59(e)] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

[21]*Barta v. Long*, 670 F.2d 907, 909 (10th Cir. 1982).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE